{¶ 39} I concur with the majority as to its analysis and disposition of the second and third assignments of error.
 {¶ 40} I respectfully dissent from the majority as to its analysis and disposition of the first assignment of error. I would find that the appellant had an interest in the items in the boutique. This business provided the income for the appellant and his wife. Even if the appellant was not the owner or part owner of the business on any official documents, he would have a half interest in the business when determining what is marital property. Just because the wife may also have a half interest in the property, does not mean she has the right to destroy it. Because by doing that, she would destroy appellant's property interest also.
 {¶ 41} If the property clearly belonged solely to the wife or if the property had minimal value, I would find that the appellant had no right to a jury instruction on defense of property. But in the case sub judice, I would find that the appellant was entitled to said instruction.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Municipal Court, is affirmed. Costs assessed to Appellant.